TODD W. BURNS
California State Bar No. 194937
Burns & Cohan, Attorneys at Law
501 West Broadway, Suite 1510
San Diego, California 92101
Telephone: (619) 236-0244
todd@burnsandcohan.com

Attorneys for J.R., Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| J.R., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, ANDREW JONES, DOES 1-20, <br><br> Defendants. | Case No. _____ <br><br> Civil Rights Action <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff alleges:

## INTRODUCTORY STATEMENT

1. Since 2018 until present, with some brief interruptions of a few months, Plaintiff has been an inmate at Federal Correctional Institution Dublin (FCI Dublin), a women-only federal prison located in Dublin, California, and operated by the federal Bureau of Prisons (BOP).

2. Several prisoners at FCI Dublin suffered sexual abuse at the hands of BOP officials during that time period – abuse that was astoundingly pervasive and perpetrated by a range of BOP officials that included the Warden and the Chaplain.

3. Defendant Andrew Jones, a former guard at FCI Dublin, made Plaintiff stand "lookout" while he repeatedly sexually abused two inmates, C.V. and R.V.

4. Several times Defendant Jones ordered Plaintiff to stand lookout and threatened her if she did not do so, saying things like, "I will break your bones." Defendant Jones also repeatedly threatened consequences if Plaintiff reported his abusive conduct, saying things like "I will f*** you up."

5. Because of the nature of the facts involved in this case, Plaintiff is filing this complaint with an anonymized name and she will file a motion to proceed in this case under that name.

## JURISDICTION, VENUE, AND EXHAUSTION

6. This action arises under the United States Constitution, *see, e.g., Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671 *et seq.*; and California law.

7. Jurisdiction. This Court has original jurisdiction over the Constitutional and Federal Tort Claims Act causes of action included herein under 28 U.S.C. §1331, which states that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has supplemental jurisdiction over the California law claims included herein under 28 U.S.C. §1367(a), which states that the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The federal and state claims in this complaint rely on the same core facts.

8. Venue. Venue is proper in the Northern District of California because most, or all, of the conduct underlying Plaintiff's claims occurred within this district, in Dublin, California, in Alameda County. *See* 28 U.S.C. §1391.

9. Divisional assignment. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already
//

been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff will be filing a notice of related cases in that regard.

10. On November 8, 2022, Plaintiff mailed an administrative claim under the Federal Tort Claims Act (FTCA) to the Bureau of Prisons (BOP), based on the facts set out herein. The BOP acknowledged receipt of the claim on November 17, 2022, but has not responded to it since. Because more than six months has passed, Plaintiff has exhausted her administrative remedies. *See* 28 U.S.C. §2675(a).

## PARTIES

11. Plaintiff was, at all times relevant to this lawsuit, incarcerated at FCI Dublin.

12. Defendant United States of America is a sovereign governmental entity but has waived its sovereign immunity and consented to being sued under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b) and 2671, *et seq*.

13. Defendant Andrew Jones was, at all times relevant to this lawsuit, employed as a correctional officer at FCI Dublin, which is part of the federal Bureau of Prisons (BOP), which is part of the United States Department of Justice and Defendant United States of America. At all times relevant to this lawsuit, Defendant Jones acted, in full or in relevant part, in an official capacity, within the scope of his employment and under color of law.

14. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Does 1-20, thus they are sued under such fictitious names. Plaintiff will seek leave to amend the complaint to allege such names and capacities as soon as they are ascertained. At all times relevant to this lawsuit, Defendant Does 1-20, or some of them, acted, in full or in relevant part, in an official capacity, within the scope of their employment and under color of law.

//
//
//

## FACTUAL ALLEGATIONS

15. FCI Dublin is an all-female prison facility located in Dublin, California. It is comprised of a low security prison and an adjacent minimum-security satellite camp. It houses approximately 500 female inmates.

16. As evidenced in over a dozen criminal and civil cases filed in this Court in the last year, and detailed in a December 13, 2022 Staff Report by the United States Senate's Permanent Subcommittee on Investigations, titled *Sexual Abuse of Female Inmates in Federal Prisons* (widely available online), FCI Dublin has a lengthy and pervasive history of BOP personnel sexually abusing inmates. The perpetrators of that "horrific abuse" have included FCI Dublin's Warden, Chaplain, and many other BOP officials, who have subjected "multiple women" to "ongoing sexual abuse for months or years." *Id.* at 12.

17. The BOP and its officials have willfully failed to comply with provisions of the Prison Rape Elimination Act ("PREA"), which was enacted in 2003 and is intended, as the name suggests, to at least reduce, and hopefully eliminate, rape and sexual abuse in federal prisons. PREA includes requirements, and provides tools, to "prevent, detect, and stop recurring sexual abuse." *See id.* at 1. The BOP has failed to follow those requirements, and use those tools, and has instead allowed sexual abuse to flourish at FCI Dublin and elsewhere. *See id.*

18. That gross dereliction is also evident in the BOP's and Department of Justice's (DOJ) glaring under-staffing of the entities intended to investigate, stop, and punish sexual abuse of inmates by guards. With respect to the BOP, its Office of Internal Affairs (OIA), which investigates sexual abuse by guards, has "seriously flawed investigative practices" and "a backlog of 8,000 internal affairs cases, including at least hundreds of sexual abuse cases." *See id.* The DOJ's Office of Inspector General (OIG), which "has the primary responsibility for criminal investigations into allegations of misconduct by current BOP employees," has such limited resources that it "is only able to pursue a fraction of the allegations of criminal

misconduct, including sexual abuse of female prisoners by employees." *Id.* at 27. This pervasive failure to investigate, much less attempt to rectify and punish, sexual abuse in federal prisons has been most prominent at FCI Dublin. And what the BOP has fostered is a "lack of accountability" that has seeped into the "culture of BOP facilities nationwide," making "prisons less safe." *Id.* at 26. Nowhere has that been more evident than at FCI Dublin.

19. This abusive culture has been apparent to BOP leadership and personnel for years, particularly with respect to FCI Dublin. But those officials have failed to take obvious corrective actions to protect female inmates from predation by BOP employees, including actions required by PREA. (Admittedly, the DOJ has undertaken several prosecutions related to this abuse lately, but whether that marks a change in the longstanding BOP culture of abuse and inaction remains to be seen.)

20. The widespread abuse and inaction by the BOP is especially disturbing, and reprehensible, because it is well-established that "[w]omen entering prison are more likely to have experienced physical and/or sexual abuse as children and adults, as compared to men in prison. According to a February 2020 report by the U.S. Commission on Civil Rights, research suggests that at least 50 percent of women entering prison report that they experienced physical and/or sexual abuse before their incarceration. They are also significantly more likely to be sexually harassed and abused while incarcerated. According to the National Standards to Prevent, Detect, and Respond to Prison Rape: Final Rule, women with histories of sexual abuse – including women in prisons and jails – are particularly traumatized by subsequent abuse." *Id.* at 6. In short, women inmates often come into prison with a history of abuse that imbues them with a feeling of vulnerability and worthlessness, and that is compounded substantially when they are abused by government and law enforcement officers who are supposed to protect them. The sense of hopelessness and worthlessness reaches its apex. All of these dynamics apply to Plaintiff.

//

21. In May 2018, Plaintiff was sentenced to serve 120 months in the custody of the BOP for a drug offense.

22. Plaintiff was subsequently transferred to FCI Dublin, where she had been designated to serve her federal sentence. Plaintiff has been in continuous federal custody, serving that sentence, since that time, and even before her sentencing.

23. Shortly after arriving at FCI Dublin, and at all times relevant to this complaint, Plaintiff was assigned to, and began working in, the kitchen at FCI Dublin.

24. In or about May 2020, Defendant Jones began working at FCI Dublin as a correctional officer, in which capacity he supervised inmates working in the kitchen.

25. In or about December 2020, Defendant Jones first ordered Plaintiff to stand lookout, meaning to let him know, or intercede, if someone was coming and might discover his abusive conduct. On this first occasion, Plantiff was made to stand lookout while Defendant Jones sexually abused inmate C.V. in a walk-in refrigerator.

26. Over the next several months, until in or about September 2021, Defendant Jones repeatedly threatened Plaintiff to get her to stand lookout while he sexually abused inmates C.V. and R.C. He threatened her to get her to sand lookout, saying things such as, "I'll break your bones," and he threatened to harm her if she reported him, saying things such as, "I will f*** you up."

27. Defendant Jones coerced Plaintiff into being lookout in this manner on approximately nine occasions.

28. On one occasion, one of Defendant Jones's victims, R.C., ran crying from the staff bathroom after being abused by Defendant Jones, and as R.C. left the area she asked Plaintiff to clean her blood from the furniture and floor in the staff bathroom, which Plaintiff did.

29. Plaintiff did not report Defendant Jones's abuse because he had threatened her with violence if she did, and she was afraid. Plaintiff had also learned that there

//

was a culture of sexual abuse at FCI Dublin and reporting staff abuse on inmates was futile and could lead to retribution against her.

30. Defendant Jones was suspended or terminated from employment at FCI Dublin in or about March 2022.

31. On July 11, 2023, Defendant Jones signed a plea agreement in which he agreed to plead guilty to a federal information charging him with six counts of sexual abuse of an inmate and one count of making a false statement to government investigators. Two of the three victims of sexual abuse named in Defendant Jones's plea agreement and information are C.V. and R.C., whom Defendant Jones sexually abused while Plaintiff was forced to stand lookout. The information and the plea agreement were filed in this Court on July 13, 2023, in *United States v. Andrew Jones*, N.D. Cal. No. 4:23-cr-0212.

32. Defendant Does 1-20, or some of them, were, or reasonably should have been, aware of Defendant Jones's misconduct, and/or the risk Defendant Jones would commit such misconduct, prior to and during the time that he threatened Plaintiff and forced her to stand lookout for him while he sexually abused inmates, but they willfully or recklessly ignored the same, and did nothing to protect Plaintiff from the known and obvious risk of harm she and other inmates faced from Defendant Jones.

33. Defendant Jones's misconduct described above could not have occurred but for the help, assistance, and/or acquiescence of other officials at FCI Dublin or within the BOP, including some, or all, of Defendant Does 1-20, who had a duty to protect inmates from this predatory behavior but failed to do so.

34. During all of the misconduct described above, Defendants Jones and Does 1-20, or some of them, were acting within the scope of their employment as employees of the United States government, and under the color of their authority as federal correctional or law enforcement officers, or as agents of FCI Dublin and/or the Bureau of Prisons.

35. Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this complaint.

36. Defendants, and each of them, at all times mentioned in this complaint conspired with, and concurred and contributed to the various acts and omissions of, each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this complaint.

37. Defendants, and each of them, at all times mentioned in this complaint approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions alleged in this complaint.

38. Defendants, and each of them, at all times mentioned in this complaint aided and abetted, and caused, the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this complaint.

39. As a proximate cause of the Defendants' actions and omissions, Plaintiff suffered, and continues to suffer, mental and emotional distress, anxiety, humiliation, and fear, and the physical manifestations of such.

## FIRST CAUSE OF ACTION

**[*Bivens* claim under Eighth Amendment to United States Constitution –**

**Against Defendants Jones and Does 1-20]**

40. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

41. As discussed above, Defendant Jones repeatedly threatened Plaintiff with physical violence and subjected her to emotional trauma, and he acted, at least in part, for the purpose of humiliating, degrading, and demeaning Plaintiff.

42. Under the Eighth Amendment to the United States Constitution, a prisoner has the right to be free from "cruel and unusual punishment." Defendants Jones and Does 1-20, or some of them, deprived Plaintiff of her rights under the Eighth Amendment when Defendants committed the abusive conduct described above,

43. As a result, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

44. In committing the acts alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**[*Bivens* claim under Eighth Amendment to United States Constitution, Failure to Protect – Against Defendant Does 1-20]**

45. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

46. Defendant Does 1-20, or some of them, made an intentional decision with respect to the conditions under which Plaintiff was confined, specifically they gave Defendant Jones access to, and authority over, Plaintiff as an FCI Dublin correctional officer, while knowing, or recklessly disregarding, the risk of harm he presented to Plaintiff.

47. Those conditions and circumstances put Plaintiff at substantial risk of suffering serious harm.

48. Defendant Does 1-20, or some of them, did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of Defendants' conduct, or failure to act, obvious.

49. As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

50. In doing, and omitting to do, what is alleged above, Defendant Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless

disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### [Threats of Violence – Cal. Civ. Code §51.7 –
### Against Defendant Jones]

51. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

52. Defendant Jones intentionally threatened violence against Plaintiff, and a substantial motivating reason for those threats was his perception of Plaintiff's gender, sexual orientation, and status as an incarcerated prisoner.

53. A reasonable person in Plaintiff's position would have (a) believed Defendant Jones would carry out his threats, and (b) been intimidated by Defendant Jones's threats, and Plaintiff did believe Defendant Jones would carry out his threats and was intimidated by those threats.

54. As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

55. In doing, or omitting to do, what is alleged above, Defendant Jones acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### [Negligent Hiring, Retention, Supervision, Training, and Control under
### California law – Against Defendant Does 1-20]

56. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

57. Defendant Does 1-20, or some of them, were responsible for hiring, training, supervising, and/or retaining in employment Defendant Jones.

58. Those Defendants were aware, or reasonably should have been aware, that Defendant Jones was, or became, unfit to perform the work for which he was hired and employed, and that Defendant Jones's unfitness created a risk to others, including to Plaintiff.

59. Defendant Jones's unfitness for his job caused harm to Plaintiff, and the negligence of Defendant Does 1-20, or some of them, in hiring, training, supervising, and/or retaining Defendant Jones was a substantial factor in causing Plaintiff's harm.

60. As a result of the acts and omissions set out above, Plaintiff suffered injuries and damages and is entitled to general and compensatory damages in an amount to be proven at trial.

61. In doing, or omitting to do, what is alleged above, Defendant Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

**[Negligent Infliction of Emotional Distress under California law –**

**Against Defendants Jones and Does 1-20]**

62. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

63. Defendants Jones and Does 1-20, or some of them, had a special relationship with, and duty to, Plaintiff due to her being an inmate in their custody and control.

64. Defendants Jones and Does 1-20, or some of them, were negligent in their actions or omissions discussed above because they committed or facilitated, or failed

//

to take reasonable measures to prevent, Defendant Jones's threatening and abusive conduct towards Plaintiff.

65. That negligence was a substantial factor in causing Plaintiff to suffer emotional distress, and caused injuries and damages for which she is entitled to general and compensatory damages in an amount to be proven at trial.

66. In doing, or omitting to do, what is alleged above, Defendants Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### [Negligence under California law – Against Defendant Jones and Does 1-20]

67. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

68. In committing and permitting to be committed the acts set out above, Defendants Jones and Does 1-20, or some of them, breached their duty to Plaintiff and were negligent in that they acted, or failed to act, as a reasonable person would in a similar situation.

69. Defendants' negligence was a substantial factor in causing harm to Plaintiff, and as a result Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial.

70. In doing, or failing to do, what is alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### [Cal. Civ. Code §52.1 – Bane Act –
### Against Defendants Jones and Does 1-20]

71. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

72. Defendants Jones and Does 1-20, or some of them, are liable to Plaintiff for the unconstitutional and unlawful conduct described above, and through coercion and/or threats those Defendants violated Plaintiff's rights under federal Constitutional and statutory law, and under California Constitutional, statutory, and common law, thereby entitling her to recover general, compensatory, and statutory damages under California Civil Code §§52.1 and 52.

73. In committing the acts alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
### [Cal. Civ. Code §52.4 – Gender Violence –
### Against Defendants Jones and Does 1-20]

74. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

75. Defendants Jones and Does 1-20, or some of them, are liable to Plaintiff for gender violence under California Civil Code §52.4 because they are responsible for one or more acts that would constitute a criminal offense under California law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of Plaintiff.

76. In committing the acts alleged above, Defendants Jones and Does 1-20, or some of them, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## NINTH THROUGH FOURTEENTH CAUSES OF ACTION
### [Claims Against the United States Under the FTCA]

77. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in the other paragraphs of this complaint.

78. Some, or all, of the above-described conduct, and other related actions, of Defendants Jones and Does 1-20 was committed within the course and scope of their employment by Defendant United States of America, and under the Federal Tort Claims Act (FTCA) the United States is liable for those torts committed within the course and scope of those Defendants' employment.

79. Accordingly, for the ninth through fourteenth causes of action Plaintiff alleges claims under the FTCA based on the California torts, and allegations, set out and incorporated in the third through ninth causes of action above, respectively. Thus: (1) the FTCA claim for the ninth cause of action is based on threats of violence under California law (based on the allegations in the third cause of action); (2) the FTCA claim for the tenth cause of action is based on a claim of negligent hiring, retention, supervision, training, and control under California law (based on the allegations in the fourth cause of action); (3) the FTCA claim for the eleventh cause of action is based a claim of negligent infliction of emotional distress under California law (based on the allegations in the fifth cause of action); (4) the FTCA claim for the twelfth cause of action is based on a claim of negligence under California law (based on the allegations in the sixth cause of action); (5) the FTCA claim for the thirteenth cause of action is based on violation(s) of California Civil Code §52.1 (based on the allegations in the seventh cause of action); and (6) the

FTCA claim for the fourteenth cause of action is based on violation(s) of California Civil Code §52.4 (based on the allegations in the eighth cause of action);

80. In committing the acts alleged above, Defendants Jones and Does 1-20 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings, and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages with respect to the tenth through fourteenth causes of action, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general and compensatory damages, in an amount to be proven at trial;
2. For exemplary and punitive damages, in an amount to be proven at trial;
3. For incidental damages;
4. For special damages;
5. For civil penalties, as provided by law;
6. For prejudgment interest, as provided by law;
7. For costs of suit herein, including reasonable attorneys fees (including as required under California Code of Civil Procedure §1021.4); and
8. For such other relief and damages to which Plaintiff is entitled pursuant to state or federal law.

Dated: August 8, 2023        s/ *Todd W. Burns*
                             Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated: August 8, 2023        s/ *Todd W. Burns*
                             Attorney for Plaintiff